# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES GRAY BRUCE,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:13-2362 |
| v. | : | (MANNION, D.J.) |
| | | (BLEWITT, M.J.) |
| **J.E. THOMAS, Warden,** | : | |
| Respondent, | : | |

## MEMORANDUM

Pending before the court is a report and recommendation, (Doc. No. 5), to which the petitioner has filed an objection. (Doc. No. 7). The report recommends that the petitioner's Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. §2241 be dismissed because the court lacks jurisdiction. The day after the report and recommendation was filed, the Third Circuit handed down *U.S. v. Tyler*, 732 F.3d 241, (3d Cir. 2013), a case that is directly on point and binding upon this court. As the report and recommendation was filed one day before the *Tyler* case was handed down, the Magistrate Judge did not have the benefit of its reasoning or holding. Therefore, the court **DECLINES TO ADOPT** the report and recommendation in light of this recent controlling precedent. The case is **REMANDED** to the magistrate judge to conduct appropriate proceedings in light of the *Tyler* opinion.

**I. FACTUAL BACKGROUND**

The petitioner is currently an inmate at USP-Lewisburg and is serving multiple sentences for a 1996 conviction out of the Western District of Tennessee. *U.S. v. Bruce*, 142 F.3d 437 (6th Cir. 1998). The counts relevant to this case were to charges for murder to prevent communication to a law enforcement official in violation of 18 U.S.C. §1512(a)(1). *Id.* His conviction was upheld in 1998 by the Sixth Circuit, *Id.*, and his writ of certiorari was denied by the Supreme Court. *Bruce v. U.S.*, 525 U.S. 882 (1998). The petitioner has filed numerous appeals with the Sixth Circuit challenging his conviction.

Most recently on August 2, 2013, the Sixth Circuit denied the petitioners second §2244(b) motion to file a second or successive motion under 28 U.S.C. §2255 based on *Fowler v. U.S.*, 131 S.Ct. 2045 (2011). (Doc. No. 4). That court held that *Fowler* interpreted an issue of statutory rather than constitutional law and that no Supreme Court cases have held it applies retroactively on collateral review. (Id.). Finally, they held that because he filed a previous §2255 motion on February 28, 2012 and *Fowler* was decided on May 26, 2011, it was previously available and thereby cannot be raised in a subsequent §2255 motion. (Id.)

The thrust of the petitioner's claim is that *Fowler* and *Tyler* now makes his actions non-criminal relevant to his 18 U.S.C. §1512(a)(1) convictions and, as a result of those changes, he is actually innocent. (Doc. No. 7).

2

## II. PROCEDURAL BACKGROUND

On September 12, 2013, the petitioner, Charles Gray Bruce, filed his pro se Petition for Writ of Habeas Corpus. (Doc. No. 1). The magistrate judge reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Court. 28 U.S.C. §2254. A report and recommendation was filed on October 2, 2013, (Doc. No. 5), and the petitioner timely filed an objection. (Doc. No. 7).

## III. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz,* 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa.

2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**IV. DISCUSSION**

Originally enacted in 1948 as the equivalent of the habeas writ, 28 U.S.C. §2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal court.[1] The only exception allows a federal prisoner to bring a habeas petition if a §2255 motion proves "inadequate or ineffective" to test the legality of the petitioner's detention. 28 U.S.C. §2255; *Davis v. United States*, 417 U.S. 333, 343 (1974); *Hill v. United States*, 368 U.S. 424, 427 (1962); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Application of Galante*, 437 F.3d 1164, 1165 (3d Cir. 1971).

---

[1] Section 2255 of Title 28 of the United States Code was deemed necessary because a §2241 petition must be filed in the district where the prisoner is confined and the "few district courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisons within the district." *United States v. Hayman*, 342 U.S. 205, 213-14 (1952).

4

In 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to §2255.[2] The amendments retained the original provisions of §2255 and, among other things, added restrictions on an inmate's ability to bring a second or successive motion. The amendments required that a second or successive motion must be certified by the appropriate court of appeals. Id. This "gatekeeping provision" restricts an inmate's ability to bring a second or successive motion by requiring the new motion to contain either newly discovered evidence that, if proven, would be sufficient to establish that the movant was not guilty, or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Id. While inmates may attempt to circumvent the gatekeeping provisions of §2255 by bringing a claim for collateral review of a conviction or sentence under §2241, §2241 is available to attack the validity of a conviction or sentence only where a §2255 motion is inadequate or ineffective.

Courts have found that a §2255 motion is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Galante*, 437 F.2d at 1165 (3d Cir. 1971)(*quoting United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684

---

[2]Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214, ("AEDPA").

5

(3d Cir. 1954)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness. *Galante,* 437 F.2d at 1165.

The circumstances which make a §2255 motion inadequate or ineffective were also addressed by the courts in *Triestman v. United States,* 124 F.3d 361 (2d Cir. 1997), and *In re Dorsainvil, supra.* Both the *Triestman* and *Dorsainvil* courts held that a §2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues. *Triestman,* 124 F.3d at 377; *Dorsainvil,* 119 F.3d at 249. The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal. *Triestman,* 124 F.3d at 366; *Dorsainvil,* 119 F.3d at 251. Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a §2241 petition to challenge a federal conviction or sentence.

In *Tyler*, the Third Circuit reviewed the provisions of 18 U.S.C.

§1512(a)(1) in light of the *Fowler* and Arthur Anderson LLP v. U.S., 544 U.S. 696 (2005), decisions. 732 F.3d at 246. Initially, the District Court dismissed the plaintiff's §2241 petition because it had no jurisdiction because there was no change in the law based on *Arthur Anderson* or *Fowler*. U.S. v. Tyler, 2013 WL 951479, *10 & *13 (M.D.Pa. March 20, 2012).

In reversing the District Court, the Third Circuit specifically addressed two key changes brought about by those cases. First, they touched on the *Arthur Anderson* requirement of a nexus between the defendant's actions and an official proceeding. Tyler, 732 F.3d at 249. The Third Circuit concluded that "in any prosecution brought under a §1512 provision charging obstruction of justice involving an 'official proceeding,' the government is required to prove a nexus between the defendant's conduct and a particular official proceeding before a judge or court of the United States that the defendant contemplated." *Id.* at 249-50 (citing Arthur Anderson, 544 U.S. at 708). Second, they reviewed the investigation-related reasonable likelihood test established by Fowler. Tyler, 732 F.3d at 251. Under the "investigation-related communication provision" of §1512, the government must prove:

> (1) the defendant killed or attempted to kill a person; (2) the defendant was motivated by a desire to prevent the communication between any person and law enforcement authorities concerning the commission or possible commission of an offense; (3) that offense was actually a federal offense; and (4) the defendant believed that the person in (2) above might communicate with the *federal* authorities.

*Id.* at 252 (citing U.S. v. Stansfield, 101 F.3d 909, 918 (3d Cir.

1996))(emphasis in original). The Third Circuit then added an additional element, requiring the government to establish "a reasonable likelihood that the person whom the defendant believes may communicate with law enforcement would in fact make a relevant communication with a federal law enforcement officer." *Tyler*, 732 F.3d at 252.

The court held that dismissal of the §2241 petition was improperly granted because "the intervening change in law [related to both cases] supports Tyler's claim of actual innocence." *Id.* at 252-53. The Third Circuit remanded the case for an evidentiary hearing to determine whether the petitioner could prove his actual innocence in accordance with *Bousley v. U.S.*, 523 U.S. 614 (1998). *Tyler*, 732 F.3d at 253. Therefore, the court would have jurisdiction over the petitioner's §2241 petition given the conduct the petitioner engaged in may no longer be criminal.

As in *Tyler*, on remand, the issue the court must determine is "whether his claim that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision is cognizable." *Dorsainvil*, 199 F.3d at 252. There is an insufficient record presently before the court to determine whether the petitioner can satisfy his burden of actual innocence as the report and recommendation did not reach that issue.

## V. CONCLUSION

For the reasons articulated above, the court **DECLINES TO ADOPT** the report and recommendation. The case is **REMANDED** to Judge Blewitt for proceedings consistent with *Tyler* and this opinion.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 13, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-2362-01.wpd