**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES GRAY BRUCE,** | : |
| Petitioner, | : CIVIL ACTION NO. 3:13-2362 |
| v. | : (MANNION, D.J.) |
| | (BLEWITT, M.J.) |
| **J.E. THOMAS, Warden,** | : |
| Respondent | : |

**MEMORANDUM**

Petitioner Charles Gray Bruce brings the instant petition for habeas corpus pursuant to 28 U.S.C. §2241. He asks for relief from his sentence, or alternatively an evidentiary hearing, on the grounds that the government produced insufficient evidence to convict him on two counts of his indictment. Judge Blewitt has filed a thorough Report and Recommendation ("R&R") in the matter, recommending that the petition be dismissed. (Doc. 28). The court concurs with Judge Blewitt's report and will adopt it in its entirety.

**I.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the

extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

On August 8, 1996, Petitioner was found guilty by a federal jury in the U.S. District Court for the Western District of Tennessee on eight counts, including Counts Six and Seven: murder to prevent communication to a law enforcement official, 18 U.S.C. §1512(a)(1)(C). Petitioner was sentenced by the U.S. District Court for the Western District of Tennessee to life imprisonment plus ten consecutive years on November 4, 1996. (Doc. 4, pp. 8-10).

On September 12, 2013, the petitioner filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner claims that a §2255 motion is no longer adequate to raise his habeas claims because the U.S. Supreme Court's ruling in Fowler v. United States, 131 S.Ct. 2045 (2011) has rendered the conduct for which he was convicted under Counts Six and Seven to be non-criminal.

On October 2, 2013, Judge Blewitt issued a Report & Recommendation ("R&R") recommending that petitioner's habeas motion be dismissed for lack of jurisdiction because §2255 was, indeed, the appropriate remedy rather than §2241. Bruce v. Thomas, 2013 WL 6548431 (M.D. Pa. Oct. 2, 2013). The very next day, however, the Third Circuit decided U.S. v. Tyler, 732 F.3d 241 (3d. Cir. 2013), which is directly relevant to the case at hand.

Petitioner then filed an Objection to the R&R and the district court remanded the case to Judge Blewitt to consider the implications of the *Tyler* case. Judge Blewitt issued a Show Case Order on December 17, 2013 (Doc. 11) and Respondent filed his Response on March 17, 2014 (Doc. 20). Petitioner filed a Traverse on March 28, 2014. (Doc. 21). Respondent filed a Reply to Petitioner's Traverse on May 6, 2014, based upon a typographical error in Respondent's original response to the habeas petition. (Doc. 26). Petitioner filed a Supplement to his Traverse on May 19, 2014. (Doc. 27).

Petitioner first argues that the government has failed to prove an element of his conviction under Counts Six and Seven; namely, that there was

3

likely to be any communication between the two victims and federal law enforcement. He claims that there is insufficient evidence to establish a reasonable likelihood of a communication occurring between the victims and a federal officer, and, therefore, the federal nexus requirement of §1512(a)(1)(C) was not satisfied.

The court agrees with Judge Blewitt that Petitioner has misconstrued his burden. Since Petitioner is claiming actual innocence, he must show that "he is actually innocent of conduct that has subsequently been rendered non-criminal by the Supreme Court's interpretation of [§1512(a)(1)(C) in *Fowler*.] *Fowler* states: "the Government must show a reasonable likelihood that, had, e.g., the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." Fowler, 131 S.Ct. at 2052. Put another way, petitioner has the burden to show that a reasonable juror would have concluded that there was "a reasonable likelihood that the person whom the defendant believes may communicate with law enforcement would in fact make a relevant communication with a federal law enforcement officer." Schlup v. Delo, 513 U.S. 298, 327-28 (1995); United States v. Fowler, 131 S.Ct. 2045, 2052 (2011).

Petitioner's second argument centers around the specific language in *Tyler*: "[t]o establish this reasonable likelihood, 'there must be evidence - not merely argument' of the witness's cooperation with law enforcement."

Petitioner repeatedly argues that before the commission of the crimes, the victims had not communicated with federal law enforcement officers and that there was not yet a federal investigation.  Essentially, he claims that he cannot be convicted of preventing communication to federal authorities because the victims were murdered before any communications took place.

The court also agrees with Judge Blewitt that this argument is entirely without merit, as there does not need to be a federal investigation in progress in order to be convicted of a witness-tampering offense. The *Tyler* court addressed this directly: "[W]e emphasize that the government need not prove that a federal investigation was in progress at the time the defendant committed [a] witness-tampering offense." Tyler, 732 F.3d at 252 (citing Ramos-Cruz, 667 F.3d 487, 498 (4th Cir. 2012).

Moreover, there is extensive evidence in the record from which a reasonable juror could find that communication with a federal officer was not remote, outlandish or simply hypothetical. Petitioner simply disregards evidence unfavorable to his position, in particular, evidence indicating that "numerous witnesses cooperated *after* federal authorities became involved." (Doc. 28, p. 19).

Finally, Petitioner's argument for an evidentiary hearing is based upon the claim that there are disputed facts with respect to the Respondent's Response to his habeas petition. In support Petitioner cites to a typographical error in Respondent's original response to the habeas petition, which has

since been corrected. Nothing about this so called factual dispute requires a hearing or in any manner taints the entire factual background as claimed by the Petitioner.

### V. CONCLUSION

For the reasons articulated above, as well as those thoroughly discussed in Judge Blewitt's report and recommendation, the court **ADOPTS** the report and recommendation in its entirety.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: October 15, 2014

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2362-02.wpd